COWART, Judge,
dissenting:
Plaintiff, a real estate “listing” broker, in count I of its complaint complains at length about Errol Estate and Singleton (other brokers) violating ethical duties and professional agreements, but plaintiff seeks no relief from those entities in that count. Presuming, as the majority opinion does, that those entities could be added as parties to that count certainly does not make that count state a cause of action against them or against the owner-seller, Amacker.
Paragraphs 8 and 22 of the complaint infer that plaintiff is suing Amacker under paragraph 5(c) of a listing agreement between them which obligates Amacker to pay plaintiff a broker’s commission if Amacker “without employing another broker” agrees, within ninety days after an exclusive four month period of time, to sell to a prospect generated by the plaintiff realtor or a cooperating broker or the owner during the exclusive period. Plaintiff alleges that within the ninety day period Amacker sold to one Summers, a person *993 whom plaintiff believes was a prospect interested by Errol Estate and Singleton, as cooperating brokers, during the exclusive period. The problem is that paragraph 22 of the complaint, apparently attempting to allege that Amacker sold “without employing another broker,” does not adequately allege the occurrence of that contract provision by merely alleging that Amacker sold “under circumstances such that it was not necessary for Amacker to employ another broker....” The contract provision does not state that Amacker was not obligated to pay plaintiff a commission on the subsequent sale if it was necessary for Amacker to employ another broker. Under the agreement Amacker is not liable if in fact another broker was employed in the subsequent sale, whether or not the plaintiff thinks that employment was “necessary.”
The reason for paragraph 5(c) of the listing agreement appears to be to secure plaintiff’s commission-participation rights as listing broker in the event a prospect is procured during the exclusive period, but is not “signed-up” for some reason until after that period. In that event, if the prospect was secured by the listing broker his commission would be secure. If the prospect was secured by the owner (Amacker), the listing broker would be entitled to a commission. However, in the event the prospect had been secured by a cooperating broker (such as Errol Estate and Singleton) then the owner (Amacker) would not be liable to the listing broker, but would be liable for a commission to the cooperating broker and the listing broker depended on the professional relationship between itself as listing broker and the cooperating broker as the basis for sharing in the commission collected by the cooperating broker. In the counts held insufficient (counts II and III) the plaintiff ineffectively sought to enforce such ethical and professional agreements and duties against Errol Estate and Singleton, whom plaintiff believed were “cooperating” brokers who would not cooperate by sharing their commission with plaintiff. Plaintiff’s inability to collect from his brother brokers does not, however, change his agreement with the owner, so as to make the owner (Amacker) liable in this event to plaintiff under the agreement.
In failing to correctly allege the occurrence of that condition precedent to recover on this contract, the complaint fails to state a cause of action. To recover, one need only prove what one has plead in a complaint that has been held sufficient. By approving these allegations which do not meet the contract provision, the majority opinion effectually misinterprets or modifies the parties’ contract. For these reasons I dissent.[1]

. Perhaps it is not amiss to suggest that upon this reversal and remand appellee Amacker can possibly mitigate the result of this opinion erroneously relieving appellant of its duty to properly and squarely allege the occurrence of this contractual condition precedent to recovery. Amacker can allege as an affirmative defense that the alleged sale to Summers was made by and with the assistance of a broker which Amacker employed and to whom Amacker paid a commission. Although the result will be to erroneously shift the burden of proof as to these facts from the plaintiff to the defendant, this may cobble up the error in this case.